IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-61-296-05, 06, 07, 08






EX PARTE DANIEL SANCHEZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. 03-03-0086, 0088, 0089-CRA IN THE 218th JUDICIAL DISTRICT 
 COURT FROM ATASCOSA COUNTY 

 CAUSE NO. 03-05-0153-CRA IN THE 81st JUDICIAL DISTRICT COURT 

FROM ATASCOSA COUNTY



 

 Per Curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of two aggravated assaults with a deadly weapon on a public servant,
possession of a controlled substance with intent to deliver, and evading arrest. The
punishment was assessed at sixty years, sixty years, sixty years, and fifteen years
confinement, respectively. Applicant's convictions were affirmed on appeal. Sanchez v.
State Nos. 04-04-00602, 603, 604, 605 - CR (Tex. App. --San Antonio, delivered October
27, 2004, no pet.).

 Applicant contends that he was deprived of his meaningful right to appeal his
convictions due to the ineffective assistance of his counsel. Specifically, the Applicant
contends that he asked counsel to appeal his convictions, and counsel then failed to timely
file notices of appeal.

 The trial court has entered findings of fact and conclusions of law finding counsel
ineffective, and recommending that relief be granted. However, counsel has not been given
an opportunity to respond to the allegations made by Applicant. We believe that Applicant
has alleged facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion
that additional facts need to be developed and because this Court cannot hear evidence, the
trial court is the appropriate forum. The trial court shall resolve those issues as set out in
Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit from counsel, 
or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the Applicant has been deprived of his right to appeal his convictions due to
the ineffective assistance of his counsel. The trial court shall also make findings of fact
regarding the validity of the supporting documentation provided by the Applicant entitled
"Appellant's Response To The Court's Order To Show Cause Why His Appeal Should Not
Be Dismissed", which is located on pp. 98-100, in the habeas record. The trial court should
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 13th DAY OF September , 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.